UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY CORPORATION, et al.,

    Plaintiffs,

       v.                                     Case No. 17-10021

ZOOM T.V. PRODUCTS, LLC, et al.,

    Defendants.

                                      /

**OPINION AND ORDER DENYING MOTION TO DISMISS**

This is an action for breach of a settlement agreement, trademark infringement under the Lanham Act, 15 U.S.C. § 1114, and patent infringement under 35 U.S.C. § 271 et seq. Plaintiffs Wesley Corporation and David Hanson have previously brought a patent infringement lawsuit against Defendant Zoom TV Products, LLC in this district. *See Wesley Corp. v. Zoom TV Products*, Case No. 15-12449 (E.D. Mich. filed August 9, 2015) (Cleland, J.). The parties settled, and the court dismissed this earlier action with prejudice in an order entered August 28, 2016. *See id.*, Dkt. # 29. In the instant complaint, Plaintiffs allege that Defendants Zoom TV and Idea Village Products Corporation, along with ten John Doe Defendants, have infringed on Plaintiffs' federally registered trademark and patent since the effective date of the settlement agreement. (*See* Dkt. # 1.)

Before the court is a motion to dismiss or, in the alternative, for a more definite statement filed by Defendants. (Dkt. # 16.) In their motion, Defendants argue that the complaint fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and is too vague to allow an effective response, requiring

clarification under Federal Rule of Civil Procedure 12(e). (*Id.*) The motion is fully briefed and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). After reviewing the complaint, motion, and briefs, the court concludes that the pleadings are sufficient, and denies the motion.

Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Ashcroft v.* Iqbal, 556 U.S. 662, 678-79 (2009). However, the court "does not apply this presumption of truth to conclusory or legal assertions." *Binno v. American Bar Association*, 826 F.3d 338, 345-46 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). To survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Additionally, on a motion to dismiss, the court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the

2

claims contained therein." *Erie County v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

Defendants primarily take issue with how the complaint "lumped all the Defendants together" rather than pleading with specificity as to each Defendants' allegedly wrongful conduct. (Dkt. # 11, Pg. ID 68-69.) Defendants argue that this "lumping" is automatically improper even under a notice pleading standard. In support, Defendants point to *Atuahene v. City of Hartford,* 10 Fed. Appx. 33, 34 (2d Cir. 2001) and *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). (Dkt. # 11, Pg. ID 68-69.) But both *Atuahene* and *Marcilis* deal with the particularized pleading standard required to allege constitutional torts against federal officers under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Indeed, in the Sixth Circuit, "damages claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Marcillis*, 693 F.3d at 596 (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

Defendants herein are not government officers, and Plaintiffs do not allege violations of their constitutional rights; the court concludes that an ordinary notice pleading standard, not any heightened or more particularized standard, applies.

In this light, where the complaint states that "Defendants" did this or "Defendants" did that, the plain allegation is that each Defendant did each act. This does not present such a vague statement that Defendants are rendered unable to respond. In fact, in this court's experience, it is a common practice.

Defendants then list, with little or no developed argument, a series of perceived deficiencies in the complaint. In the Sixth Circuit, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Meridia Prod. Liab. Litig. v. Abbott Laboratories*, 447 F.3d 861, 868 (6th Cir. 2006) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). The court need not, and will not, discuss each of Defendants' contentions—they are insufficiently developed and deemed forfeited for the purposes of this motion. However, the court will briefly address two.

First, Defendants' statement that there is no allegation what relief Plaintiff David Hanson is seeking separate from Plaintiff Wesley is plainly incorrect, as the "prayer for relief" section explicitly requests that "the court award *each Plaintiff* compensatory damages and their attorney fees for Defendants' breach of the Settlement Agreement." (Dkt. # 1, Pg. ID 8-9 (emphasis added).) Second, Defendants' contention that the complaint "is also unclear as to the basis of [subject matter] jurisdiction[,]" (Dkt. # 11, Pg. ID 71), is similarly incorrect. Defendants acknowledge that the complaint explicitly alleges federal question jurisdiction under 15 U.S.C. § 1121, which provides jurisdiction for Lanham Act claims; 28 U.S.C. § 1338(a), which provides jurisdiction for patent claims; and 28 U.S.C. § 1331, which provides jurisdiction for all claims "arising under" federal law. (Dkt. # 11, Pg. ID 71.) The reference to § 1331 may be redundant, but this sort of "belt and suspenders" approach is unproblematic. While the complaint does not set forth an amount in controversy or indicate the jurisdictional basis for its breach of contract claim, Defendants tacitly acknowledge that the court has, at least,

4

supplemental jurisdiction under 28 U.S.C. § 1367 over this claim. (Dkt. # 11, Pg. ID 71 ("*If the patent and trademark counts are dismissed* . . . then it appears clear that will [sic] be no subject matter jurisdiction in this Court; however, that is an argument for another day.") (emphasis added)). The court finds these arguments unpersuasive.

Finally, Defendants complain that the patent and trademark infringement counts are "merely formulaic recitations of the causes, without factual support whatsoever[.]" (Dkt. # 11, Pg. ID 70.) The complaint alleges that Plaintiff Wesley owns a valid, federally-registered trademark on the "STUFZ" brand, registration number 4,164,164, as well as U.S. Patent No. 8,701,552. The complaint further claims that Defendants advertised, manufactured, distributed, offered to sell, and sold products and services that infringe on the trademark, patent, or both, since July 22, 2016. (Dkt. # 1, Pg. ID 7-8.) The trademark registration and patent are attached to the complaint, as are pictures of what appear to be coupons for and an internet sales page for the accused products. (Dkt. ## 1-2, 1-3, 1-4.) In short, Plaintiffs say that Defendants are selling their stuff. The court has no difficulty finding that the complaint states a plausible claim for relief as required by Rule 12(b)(6) and Rule 8. Accordingly,

IT IS ORDERED that Defendants' motion to dismiss or for a more definitive statement (Dkt. # 11) is DENIED.

               s/Robert H. Cleland     /
               ROBERT H. CLELAND
               UNITED STATES DISTRICT JUDGE

Dated: April 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 7, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\17-10021.WESLEY.deny.motion.dismiss.TLH.RHC.docx