**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

WESLEY CORP. and DAVID HANSON

    Plaintiffs,

v.                                                      Case No. 17-10021

ZOOM TV PRODUCTS et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION
FOR ATTORNEY'S FEES AND COSTS**

**I. INTRODUCTION**

Pending before the court is a renewed motion for attorneys' fees and nontaxable costs filed by Defendants Zoom T.V. Products, LLC ("Zoom") and IdeaVillage Products Corp. ("IDV"). Defendants filed their renewed motion after the Federal Circuit Court of Appeals affirmed this court's opinion and order granting Defendants' motion for summary judgment and denying the cross-motion for summary judgment filed by Plaintiffs Wesley Corp. and David Hanson. The motion has been fully briefed, and the court previously determined that the motion would be decided without oral argument. (ECF No. 94.) For the reasons explained below, the court will deny Defendants' motion.

**II. BACKGROUND**

As explained in the court's opinion and order granting Defendants' motion for summary judgment, this case began roughly five years ago when Plaintiffs sued Defendants for patent infringement and breach of contract. (ECF No. 76.) The parties ultimately entered into a settlement agreement and dismissed the case, but in January

2017, Plaintiffs filed suit for breach of that settlement agreement. The parties filed cross-motions for summary judgment. The court granted Defendants' motion and denied Plaintiffs' motion. Plaintiffs appealed the court's decision.

While the appeal was pending, Defendants filed a motion for attorneys' fees and nontaxable costs to collect fees allegedly owned to them pursuant to the terms of the parties' settlement agreement. The court found the motion to be premature given the pending appeal and denied it without prejudice. (ECF No. 86.) The Sixth Circuit transferred the appeal to the Federal Circuit, because the Federal Circuit has exclusive jurisdiction of claims arising under patent law (ECF No. 88), and the Federal Circuit affirmed this court's order. Thereafter, Defendants filed the instant renewed motion for attorneys' fees and nontaxable costs.

This is not the first time the court has substantively considered the issue of attorneys' fees in this case. In its opinion and order dated May 16, 2018, the court awarded Defendants attorneys' fees as a sanction for Plaintiffs' cancelation of scheduled depositions. However, the court found that the hourly rates requested by Defendants' attorneys— Mr. Latzman ($310/hour); Mr. Braca ($450/hour); Mr. Smith ($350/hour)—were unreasonably high and that the recorded times and expenses for Defendants' attorneys were also unreasonably high. The court awarded attorneys' fees but at a reduced amount. (ECF No. 75.)

### III. STANDARD

"In diversity cases, attorneys' fees are governed by state law." *Hometown Folks, LLC v. S & B Wilson, Inc.,* 643 F.3d 520, 533 (6th Cir. 2011). Michigan law applies the American rule for attorneys' fees under which "fees are not recoverable as an element

of costs or damages unless expressly allowed by statute, court rule, or common-law exception, or where provided by contract of the parties." *Grace v. Grace*, 655 N.W.2d 595, 603 (Mich. Ct. App. 2002). This case involves the last exception because Defendants' seek to recover attorneys' fees pursuant to the terms of the parties' settlement agreement. Michigan law provides that "[a]ttorney fees awarded under contractual provisions are considered damages, not costs." *Cent. Transp., Inc. v. Fruehauf Corp.*, 362 N.W.2d 823, 829 (Mich. Ct. App. 1984). Court should enforce contractual provisions for attorneys' fees unless enforcement runs contrary to public policy. *See Pransky v. Falcon Grp., Inc.*, 874 N.W.2d 367, 383 (Mich. Ct. App. 2015).

## IV. DISCUSSION

Defendants assert that they are the prevailing parties in this case and, as such, that they are entitled to attorneys' fees and costs pursuant to Paragraph 25 of the parties' Settlement Agreement. The agreement states in relevant part, "[i]n any proceeding concerning the Agreement, the prevailing Party shall be entitled to recover its costs and attorneys' fees from the non-prevailing Party." (ECF No. 93, PageID.1604.)

Plaintiffs argue in their response that Defendants cannot recover attorneys' fees through the filing of the instant post-judgment motion and must instead file a counterclaim as required by Michigan law. In the alternative, Plaintiffs argue that Defendants' requested attorneys' fees are unreasonable, unsubstantiated, and amount to double recovery for fees already paid by Plaintiffs as a sanction during this litigation. Additionally, Plaintiffs argue that Defendant IDV is not a signatory to the parties' settlement agreement and thus cannot recover its attorneys' fees.

3

## A. Entitlement to Attorneys' Fees

The court begins by addressing the threshold issue of whether Defendants can recover attorneys' fees through the filing of the instant motion. Plaintiffs argue that Defendants' request for fees must be denied because Defendants failed to file a counterclaim to enforce the fee-shifting provision of the parties' settlement agreement. Plaintiffs primarily rely on *Pransky v. Falcon Group, Inc.*, 874 N.W.2d 367 (Mich. Ct. App. 2015) in support of this argument.

In *Pransky*, the Michigan Court of Appeals explained that attorneys' fees arising under the terms of a contract constitute a type of general damages and, as such "the party seeking payment must sue to enforce the fee-shifting provision, as it would for any other contractual term." *Pransky*, 874 N.W.2d at 383. The trial court in *Pransky* granted the defendant's motion for attorneys' fees after ruling in favor of the defendant at the summary judgment state. *Id.* at 372. The Michigan Court of Appeals then reversed the court's order granting fees because the defendant did not file a counterclaim for damages under the parties' agreement. *Id.* at 384. The Court of Appeals explained that "because the award of attorney[s'] fees was not authorized by statute or court rule, but was instead part of a contractual agreement, the trial court could only award the fees as damages on a claim brought under the contract." *Id.* The court reasoned that "[b]y entering an order requiring [the plaintiff] to pay [the defendant's] attorney[s'] fees, the trial court in effect entered a judgment against [the plaintiff] on a claim that was never brought." *Id.*

The facts of *Pransky* closely mirror the instant case. Here, Defendants also filed a post-judgment motion to recover attorneys' fees after the court ruled in favor of their

motion for summary judgment. Defendants have not pursued a standalone claim for attorneys' fees. (*See* Defendants' responsive pleadings, ECF No. 11, 26, 27.)

Defendants first respond that Federal Rule of Civil Procedure 54(d)(2)(a) does not require a party to file a counterclaim to recover attorneys' fees. (ECF No. 96, PageID.1653.) However, Rule 54 is not applicable here because contractual attorneys' fees are damages under Michigan law, not costs under Rule 54. *See Cent. Transp., Inc.*, 362 N.W.2d at 829; *Kelly Servs., Inc. v. De Steno*, No. 16-CV-10698, 2017 WL 4786105, at *2 n.1 (E.D. Mich. Oct. 24, 2017) (Murphy, J.) ("[A]ttorney[s'] fees awarded pursuant to a contract are considered damages, not costs. Thus, Rule 54(d) does not govern.") (internal citation omitted). Next, Defendants tacitly concede that under *Pransky*, they must sue to recover their contractual attorneys' fees. Defendants argue that even if *Pransky* governs this case, they still have time under the applicable statute of limitations to sue Plaintiffs for fees. (ECF No. 96, PageID.1654.)

The court need not address the applicable statute of limitations for Defendants' possible claim for attorneys' fees, nor whether the filing of such a claim would be barred by res judicata or estoppel, because the fact remains that Defendants failed to file a claim to recover their fees in the instant case. *Pransky* instructs that Defendants cannot recover contractual attorneys' fees under these circumstances.

Because the court determines that Defendants cannot recover attorneys' fees, the court also need not address whether the parties' settlement agreement authorizes Defendant IDV to collect its fees nor the reasonableness of Defendants' requested fees. However, the court observes that Defendants provide nothing more than affidavits in which their attorneys state the hours they worked and rates charged to substantiate

their requests for fees. Defendants include no itemized billing sheets or any specific explanations of the work performed. Moreover, Defendants base their requested fees on hourly rates previously rejected by this court and it does not appear from limited information presented that Defendants accounted for or offset the court's earlier award of attorneys' fees in calculating the amounts they request in the instant motion. (ECF No. 75.) The affidavit submitted by Mr. Latzman is beset with mathematical errors.[1] The court comments on these deficiencies so that Defendants endeavor to improve their future filings. Accordingly, the court will deny Defendants' motion as it relates to attorneys' fees.

### B. Entitlement to Nontaxable Costs

The Court of Appeals affirmed this court's opinion and order granting Defendants' motion for the summary judgment. As such, Defendants are the prevailing party in this case and may recover nontaxable costs. Fed. R. Civ. P. 54(d)(2)(1). Defendants' entitlement to such cost, however, is not compulsory; the court enjoys the discretion to deny unnecessary or unreasonable cost. *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986).

Only one of Defendants' attorneys, Mr. Latzman, requests nontaxable costs. He asserts that he is entitled to a total of $1,529.01 in costs for his work on behalf of both Defendants at the district court and the court of appeal. (ECF No. 93, PageID.1626.)

---

[1] Mr. Latzman initially asserts in Paragraph 12 of his affidavit that he is entitled to $16,368 for his representation of Defendant IDV on appeal on behalf of Clark Hill. But he then asserts in Paragraph 14 that he is entitled to $16,315, although he does not specify on behalf of what firm. Next, he asserts in Paragraph 15 that he is entitled to $18,565 in attorneys' fees. He asserts in his final, total calculation, that he is entitled to $34,933 in attorneys' fees for appellate work on behalf of Defendant IDV. (ECF No. 93, PageID.1625–26.)

Unhappily, but consistent with his submission for attorneys' fees, Mr. Latzman provides virtually no description of or explanation for the costs he requests—he simply provides the court with a number. Such unsubstantiated submissions will not suffice. The court is left to conclude that the costs requested by Mr. Latzman are unnecessary and/or excessive given the failure to provide any description of the costs. Accordingly, the court will deny Defendants' motion as it relates to an award for costs.

## V. CONCLUSION

Under Michigan law, contractually awarded attorneys' fees constitute damages, not costs. As such, a party attempting to collect contractual attorney fees must file a claim to recover such fees. Defendants failed to do so. The court will deny Defendants' motion for fees because the court cannot enter "a judgment against [Plaintiffs] on a claim that was never brought." *Pransky*, 874 N.W.2d at 384. The court will also deny Defendants' motion for costs because Defendants provide no description or justification for the costs they request in the instant motion. Accordingly,

IT IS ORDERED that Defendants' motion for attorneys' fees and costs (ECF No. 93) is DENIED.

s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 27, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\17-10021.WESLEY.attorney.fees.HEK.docx